UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ANTHONY ANTONIO LYONS, )
)
    Plaintiff, )
)
v. ) No. 1:24-CV-169-KAC-CHS
)
TAMMY WARREN and CHAD PARTIN, )
)
    Defendants. )

**MEMORANDUM OPINION AND ORDER**

    Plaintiff, an inmate in the Coffee County Jail, filed (1) a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 2] and (2) a motion for leave to proceed *in forma pauperis* [Doc. 1]. On July 10, 2024, the Court entered an order that (1) notified Plaintiff that he had not paid the filing fee or submitted a form he must file for the Court to grant him leave to proceed *in forma pauperis*; (2) directed the Clerk to send Plaintiff the relevant form; (3) gave Plaintiff thirty (30) days to return the required document; and (4) warned Plaintiff that failure to timely comply would result in the Court presuming he is not a pauper, assessing him the full amount of fees, and ordering the case dismissed for want of prosecution [Doc. 5 at 1-2]. Plaintiff has not complied with the Court's July 10 Order, and the time to do so has passed.

    Under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action where a plaintiff fails "to prosecute or to comply with these rules or a court order[.]" *See* Fed. R. Civ. P. 41(b); *see also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted) (noting that Rule 41(b) "confers on district courts the authority to dismiss an

action for failure of a plaintiff to . . . comply with the Rules or any order of the court"). When considering dismissal of an action under Rule 41(b), a court must assess:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered [before dismissal].

*Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277 (6th Cir. 2023) (citing *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Applying these factors here compels the Court to dismiss this action. Plaintiff has willfully failed to comply with the Court's July 10 Order. Despite the Court's express warning that a failure to comply would result in dismissal of this action, [*see* Doc. 5 at 1-2], Plaintiff has failed to file the required form. The Court considered less drastic sanctions, but they are not warranted here because Plaintiff failed to comply with the Court's clear instructions and has had nearly four (4) months to do so. "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's Order.

Accordingly, the Court **DENIES** Plaintiff's motion to proceed *in forma pauperis* [Doc. 1], **ASSESSES** Plaintiff the civil filing fee of four hundred five dollars ($405.00), and **DISMISSES** this action under Federal Rule of Civil Procedure 41(b). The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit payment of the filing fee to the Court's financial deputy. The Clerk **SHALL** provide a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at the Coffee County Jail and the Court's financial deputy. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally

frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See id*.

**SO ORDERED. An appropriate Judgment SHALL enter.**

/s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge